# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-00621-SCT

*CHARLES E. BUNTON, III AND HOUSING*
*AUTHORITY OF THE CITY OF VICKSBURG*

*v.*

*DARRELL KING AND MARY KING*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/05/2007 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | STEVEN L. LACEY |
| | DAVID A. BARFIELD |
| ATTORNEYS FOR APPELLEES: | T. JACKSON LYONS |
| | RAJU AUNDRE' BRANSON |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED- 09/25/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case comes before the Court on interlocutory appeal from the Circuit Court of Warren County. Charles Bunton and the Housing Authority of the City of Vicksburg ("HACV"), defendants, seek review of the trial court's denial of their motion to dismiss based upon the plaintiffs' failure to strictly comply with the ninety-day notice requirement of the Mississippi Tort Claims Act (MTCA). Finding that the plaintiffs failed to strictly

comply with the requirement, we reverse the trial court's decision and remand for proceedings consistent with this opinion.

## FACTS AND COURSE OF PROCEEDINGS

¶2. Daryl and Mary King, plaintiffs, were involved in an automobile crash with Bunton on August 26, 2004. Bunton was an employee of HACV and was driving an HACV-owned vehicle at the time of the crash.

¶3. On August 15, 2005, the Kings sent a notice-of-claim letter to James Stirgus, Sr., Executive Director of HACV, as required by the notice provision of the MTCA. Miss. Code Ann. § 11-46-11 (Rev. 2002). The Kings filed their complaint only seven days after sending the notice letter. Bunton subsequently filed a motion to dismiss, arguing that the Kings had failed to comply with the MTCA's notice requirement by failing to wait the prescribed ninety-day period before filing their complaint.

¶4. The Kings' original complaint named Charles Bunton, HACV, and Mississippi Housing Authorities Risk Management, Inc. ("MHARM") as defendants. The original complaint mistakenly described HACV as an entity of the City of Vicksburg and named the Mayor of Vicksburg as HACV's agent for service of process. The Kings sought leave to file an amended complaint to correct the mistake. The amended complaint described HACV as a "public body corporate and politic created by statute" and stated its Executive Director, James E. Stirgus, Sr., was its registered agent for service of process.

¶5. The trial court entered an order granting the Kings leave to amend and additionally dismissed MHARM as a defendant. The trial court further held that the amended complaint

2

related back to the date of the original complaint under Mississippi Rule of Civil Procedure 15(c) for the purpose of the statute of limitations. Further, the court held that because the amended complaint was filed more than ninety days after the notice letter was sent to the defendants, it met the MTCA notice requirement. Bunton and HACV appeal.

## STANDARD OF REVIEW

¶6.     "This Court reviews de novo a trial court's grant or denial of a motion to dismiss." *Cmty. Hosp. v. Goodlett*, 968 So. 2d 391, 396 (Miss. 2007).

## ANALYSIS

¶7.     The MTCA establishes prerequisites that plaintiffs must meet in order to maintain an action against a governmental entity.  One such prerequisite is a notice requirement:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1) (Rev. 2002).  The notice-of-claim requirement "'imposes a condition precedent to the right to maintain an action.'"  *Miss. Dep't of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (Miss. 1999) (quoting *Carr v. Town of Shubuta*, 733 So. 2d 261, 265 (Miss. 1999)).  The ninety-day notice requirement is jurisdictional.  *Id*.

¶8.     This Court has held that "the ninety-day notice requirement under section 11-46-11(1) is a hard-edged, mandatory rule which the Court strictly enforces." *Univ. of Miss. Med. Ctr. v. Easterling,* 928 So. 2d 815, 820 (Miss. 2006).  *Easterling* was decided in 2006 while this

3

case was pending, and the Kings argue that it should not be applied retroactively. The crux of the Kings' argument is that, under *City of Pascagoula v. Tomlinson*, 741 So. 2d 224 (Miss. 1999), when a plaintiff files suit under the MTCA without strictly complying with the ninety-day requirement, it is the defendant's responsibility to request a stay for the remainder of the ninety-day period. If a stay was not requested by the governmental entity, the defense was deemed waived. However, this rule set forth in *Tomlinson* was abrogated by *Easterling,* and *Tomlinson* and its progeny were explicitly overruled as to their ninety-day-notice analysis.

¶9.     The Court in *Easterling* held that the rule requiring strict compliance with the ninety-day-notice requirement should be applied retroactively. *Easterling*, 928 So. 2d at 819 (citing *Thompson v. City of Vicksburg*, 813 So. 2d 717, 721 (Miss. 2002) (retroactive application of judicially articulated rulings applies to cases awaiting trial); *Anderson v. Anderson*, 692 So. 2d 65, 70 (Miss. 1997) (change in the law applied retroactively to the case pending review on appeal)). The Court of Appeals also has applied the *Easterling* rule retroactively:

> Unless otherwise specified, decisions of the Mississippi Supreme Court are presumed to have a retroactive effect. *Miss. Transp. Comm'n v. Ronald Adams Contractor, Inc.*, 753 So. 2d 1077, 1093 (P54) (Miss. 2000). "When this Court has held a ruling to apply only to cases subsequent to the opinion, it has specifically stated that the ruling is prospective in nature." *Id.* A ruling with a retroactive effect is applied to all cases pending when the change in the law occurs. *Thompson v. City of Vicksburg*, 813 So. 2d 717, 721 (P15) (Miss. 2002). This case was pending at the time the *Easterling* decision imposed a strict compliance standard for the ninety-day notice requirement. The *Easterling* court did not specifically state that its holding applied prospectively only. Therefore, this Court must apply *Easterling*'s rule of strict compliance, not pre-*Easterling* precedent, to the facts of this case.

4

***Stuart v. Univ. of Miss. Med. Ctr.***, 2008 Miss. App. LEXIS, at \*8-\*9 (Miss. Ct. App. Dec. 16, 2008).  Accordingly, the rule prescribed in ***Easterling*** applies to the case at hand.

¶10.    By waiting only seven days to file suit after sending their notice-of-claim letter, the Kings failed to comply with the MTCA notice requirement.  Because the notice requirement is jurisdictional, the circuit court never obtained subject-matter jurisdiction.  The Kings' argument that their amended complaint should relate back to the date of the original filing and that the amended complaint cured the ninety-day-notice problem is without merit.  The circuit court never had jurisdiction over the original complaint.  Therefore, the trial court erred when it failed to grant Bunton's motion to dismiss.

## CONCLUSION

¶11.    Our law requires strict compliance with the MTCA's ninety-day-notice requirement.  Because the Kings failed to strictly comply with the requirement, their action should have been dismissed.  This Court reverses and remands for proceedings consistent with this opinion.

¶12.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J., AND EASLEY, J.**

**GRAVES, JUSTICE, DISSENTING:**

¶13.    The majority's strict enforcement of the ninety-day notice requirement in the Mississippi Tort Claims Act (MTCA) yields an unfair and unwarranted result.  Requiring strict compliance with the notice requirement unconstitutionally inhibits individuals' rights

to access the courts when seeking redress for wrongs they may have suffered. *Arceo v. Tolliver*, 949 So. 2d 691, 698, 700, 703-04 (Miss. 2006) (Graves, J., dissenting).

¶14. In this case, the Kings timely filed a notice of claim with the Executive Director of the Housing Authority of the City of Vicksburg ("HACV"). Their only mistake was that they did not wait ninety days to file a complaint, and thus filed their complaint early. The filing of an amended complaint after the ninety-day period more than adequately rectified this mistake. The purpose of the ninety-day notice requirement is to allow defendants time to investigate and possibly resolve the dispute without resort to the courts. *Carr v. Town of Shubuta*, 733 So. 2d 261, 263 (Miss. 1999). Since the amended complaint was filed more than ninety days after the notice of claim, the HACV had ample time to investigate the claim and pursue settlement with the Kings. The Kings' claim should not be dismissed simply because their first complaint was filed within ninety days of the notice of claim. Today, in another "exaltation of form over substance," the majority reinforces a barrier preventing litigants from exercising their constitutional right to seek redress through the courts. *Arceo*, 949 So. 2d at 704, 700 (Graves, J., dissenting).

¶15. This Court once held that the proper remedy for a failure to comply with the ninety-day waiting period was a stay of the lawsuit to give the defendant the benefit of ninety days to investigate and pursue settlement. *See, e.g.*, *City of Pascagoula v. Tomlinson*, 741 So. 2d 224, 228 (Miss. 1999), *overruled by* *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006). In contrast, an outright dismissal of the lawsuit was deemed a disproportionate remedy that was counter to the legislative purpose of the MTCA. *Id.* This

6

Court also used to subscribe to a substantial compliance standard and not a strict compliance standard with regard to notice requirements in the MTCA. *See, e.g.*, *Carr*, 733 So. 2d at 263. In *Carr*, this Court soundly stated that there was "no need to endorse a policy which renders the statute a trap for the unwary where such purpose has in fact been satisfied." *Id.*

¶16. Nonetheless, in recent years, this Court has required strict compliance with MTCA notice requirements and continues to dismiss lawsuits for failure to comply, regardless of the actual merits of the claim. *See, e.g.*, *Easterling*, 928 So. 2d at 819-20; *see also* **South Cent. Reg'l Med. Ctr. v. Guffy**, 930 So. 2d 1252, 1259 (Miss. 2006). This has had the lamentable effect of unconstitutionally undermining the due process rights of plaintiffs to seek justice through the court system. U.S. Const. amend. XIV, § 1 ("No state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law. . . ."); Miss. Const. art. III, § 24 ("All courts shall be open; and every person for an injury done to him, . . . shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay."). My dissenting opinion in ***Arceo v. Tolliver*** addressed the constitutional problems with this Court's strict interpretation and enforcement of procedural rules at the expense of substantive justice, and I hereby incorporate the arguments articulated in that dissent. *Arceo*, 949 So. 2d at 698-704. By dismissing the Kings' lawsuit today, this Court does another disservice to the citizens of Mississippi by unconstitutionally restricting their access to the courts.

**DIAZ, P.J., AND EASLEY, J., JOIN THIS OPINION.**

7