IRVING, J.,
 

 for the Court:
 

 ¶ 1. The Tunica County Circuit Court dismissed Marvin Arthur’s complaint against Tunica County and the Tunica County Sheriffs Department
 
 [1]
 
 due to Arthur’s failure to give notice to Tunica County ninety days prior to instituting his action, as required by law. Arthur appeals, pro se, and asserts that the circuit court erred in dismissing his lawsuit.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 3. The incident that gave rise to Arthur’s complaint occurred on June 13, 2008. In his complaint, filed on December 4, 2008, Arthur alleged that he was walking across a street in Tunica County when he was forced to jump out of the path of a vehicle that was being driven by a Tunica County sheriffs deputy. According to Arthur, he sustained injuries while doing so. As stated, prior to filing his complaint, Arthur did not provide the notice to Tunica County that is required by Mississippi Code Annotated section 11-46-11(1) (Rev. 2002). Tunica County and the Tunica County Sheriffs Department filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Mississippi Rules of Civil Procedure. The circuit court granted the motion and dismissed Arthur’s action without prejudice.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 4. The Mississippi Tort Claims Act (the MTCA) is implicated in cases where a suit is instituted against a governmental agency. An appellate court reviews, de novo, errors of law as they relate to proper application of the MTCA.
 
 Brown,
 
 927 So.2d at 736 (¶ 8). Section 11-46-11(1), which sets forth prerequisites that must be met before suit can be
 
 *655
 
 brought against a governmental entity, provides as follows:
 

 After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity;
 
 provided, hoivever, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim
 
 with the chief executive officer of the governmental entity.
 

 (Emphasis added). In
 
 Bunton v. King,
 
 995 So.2d 694, 695 (¶ 7) (Miss.2008) (quoting
 
 Mississippi Department of Public Safety v. Stringer,
 
 748 So.2d 662, 665 (¶ 11) (Miss.1999)), our supreme court held that “[t]he notice-of-claim requirement ‘imposes a condition precedent to the right to maintain an action.’ ” The
 
 Bunton
 
 court further held “the ninety-day notice requirement under section 11-46-11(1) is a hard-edged, mandatory rule which [an appellate court] strictly enforces.”
 
 Id.
 
 at 696 (¶ 8) (quoting
 
 Univ. of Miss. Med. Ctr. v. Easterling,
 
 928 So.2d 815, 820 (¶ 23) (Miss.2006)). However, in
 
 Stuart v. University of Mississippi,
 
 21 So.3d 544, 550 (¶ 11) (Miss.2009), the Mississippi Supreme Court held that “[t]he notice requirements in the MTCA are substantive requirements, which are no more or less important than a statute of limitations. The notice requirements in the MTCA are not jurisdictional ... and, therefore, waiva-ble.”
 

 ¶ 5. It is undisputed that Arthur failed to comply with section 11-46-11, as he did not file a notice of claim prior to filing suit against Tunica County. Furthermore, on the facts of this case, it cannot be legitimately argued that Tunica County waived the ninety-day notice requirement. As stated, Arthur filed his complaint on December 4, 2008. On December 22, 2008, Tunica County filed its motion to dismiss, alleging, inter alia, that it was entitled to a dismissal on two grounds: (1) the Tunica County Sheriffs Department is not a suable entity under the MTCA, and (2) Arthur had not given the required ninety-day notice prior to commencing his lawsuit. On December 30, 2008, Arthur filed a motion for change of venue, but he did not address the gravamen of Tunica County’s motion to dismiss, that is, his failure to give the required ninety-day notice. On March 11, 2009, Tunica County noticed its motion to dismiss for a hearing on April 20, 2009. On April 15, 2009, Arthur filed his response to Tunica County’s motion to dismiss, listing five reasons why the court should rule in his favor. However, none of the reasons listed addressed the ninety-day-notice requirement. On May 4, 2009, the circuit court granted Tunica County’s motion to dismiss on the ground that Arthur failed to comply with the ninety-day-notice requirement.
 

 ¶ 6. We have thoroughly examined the record and cannot find any evidence that Arthur ever asserted in any of his pleadings that he, in fact, gave the required ninety-day notice. Accordingly, we affirm the judgment of the circuit court, dismissing Arthur’s complaint without prejudice.
 

 ¶ 7. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., • GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . We note that Tunica County correctly asserts in its brief that the Tunica County Sheriff's Department is not a proper party to defend a lawsuit based on the actions of one of its deputies.
 
 See Brown v. Thompson,
 
 927 So.2d 733, 737 (¶ 12) (Miss.2006) (holding that sheriff's departments are not political subdivisions within the meaning of the Mississippi Tort Claims Act and do not enjoy a separate legal existence apart from the county).