**James Edward LEE, Plaintiff–Appellant**

v.

**Patty ISHEE; Barbara Ravenhorst, Defendants–Appellees.**

No. 10–60058

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 24, 2010.

James Edward Lee, Jackson, MS, pro se.

John B. Clark, Esq., Tom R. Julian, Daniel, Coker, Horton & Bell, P.A., Jackson, MS, for Defendants–Appellees.

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

James Edward Lee, proceeding *pro se* and *in forma pauperis,* appeals the district court's dismissal of his suit against two Jasper County, Mississippi, officials. The basis of this suit is Lee's claim that he is the rightful owner of lands in or around Jasper County. Lee claims that his ancestors were improperly dispossessed of these properties such that the present landholders' ownership of these properties is invalid. Oil and gas extraction has occurred on these properties for several years. Lee believes that these lands rightfully belong to his family and that he is entitled to both the land and the proceeds from the mineral extraction on these properties.

Claims involving this land have been pressed for nearly 40 years. In 1975, the Mississippi Supreme Court determined that the Lee family had no rights in one of the properties. *See Vaughn v. Sharp,* 321 So.2d 487 (Miss.1975) (unpublished). In 2008, the United States District Court for the Southern District of Mississippi determined, in Lee's actions against several defendants that he claimed "trespassed" on his land, that "[Lee] ha[d] not demonstrated ownership of [the properties], and, even if he could, his claims related to [ownership of] these parcels [we]re time-barred." *Lee v. Barbour,* No. 3:07–cv–224, 2008 WL

4187356, at *7 (S.D.Miss. Sept. 3, 2008). Lee did not appeal this judgment. Lee has also brought suit against several State of Mississippi agencies and officials, alleging, *inter alia,* "conspiracies" to "steal his land." *See id.* at *3 (detailing these suits). These suits were all dismissed.

In the present action, Lee complained against Patty Ishee, the Jasper County Tax Assessor, and Barbara Ravenhorst, the Jasper County Chancery Clerk, claiming that "they are custodians of [his] land records" and that they fraudulently told him the records were destroyed and failed to produce records. Liberally construing Lee's complaint, the district court considered claims of 42 U.S.C. §§ 1982 and 1983 violations and state law claims for "breach of duty" and injunctive relief against Ishee and Ravenhorst. The defendants moved for dismissal for failure to state a claim or, in the alternative, summary judgment.

Addressing this motion, the district court dismissed Lee's § 1982 claim, noting that Lee failed to allege any intentional discrimination and failed to show any interference with a property right. *See Bellows v. Amoco Oil Co.,* 118 F.3d 268, 274 (5th Cir.1997) ("[In a § 1981 or § 1982 claim] the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute."). The court dismissed Lee's § 1983 claim, finding that he did not specify any constitutional violation committed by the defendants. *See Kohler v. Englade,* 470 F.3d 1104, 1115 (5th Cir.2006) ("[A] plaintiff must show either that the [defendant] was personally involved in the constitutional violation or that there is a sufficient causal

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

connection between the [defendant]'s conduct and the constitutional violation."). Further, the court determined that Lee's present suit requested evaluation of issues decided in past litigation and that such claims were collaterally estopped. *See Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir.1999).

The district court also determined that Lee failed to properly file a notice of claim, as required under the Mississippi Tort Claims Act (MTCA), such that dismissal of his state law tort claims was appropriate. *See Brunton v. King*, 995 So.2d 694, 696 (Miss.2008) ("[T]he ... notice requirement [under the MTCA] is a hard-edged, mandatory rule which the Court strictly enforces." (quotation marks omitted)). Further, the court concluded that Lee's other state law claims were without merit, noting that most had been previously litigated.

The district court entered judgment in favor of Ishee and Ravenhorst, dismissing Lee's suit with prejudice. Lee timely appealed, contesting dismissal on all claims and raising new claims of, *inter alia*, judicial bias. Even liberally construing Lee's briefing, we find no merit in any of his conclusory arguments and affirm for essentially the reasons stated by the district court. We will not consider Lee's claims raised for the first time on appeal. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir.2006) (per curiam). The district court properly dismissed Lee's suit.

AFFIRMED.