GRIFFIS, P.J.,
for the Court:
¶ 1. Stephen Newton filed a lawsuit against Lincoln County, Mississippi and Deputy John Branton based on personal injuries sustained in a car wreck. The circuit court granted a motion for summary judgment filed by Lincoln County and Deputy Branton. Newton now appeals and argues that it was error for the circuit court to grant summary judgment because he substantially complied with the notice requirement of the Mississippi Tort Claims Act (“MTCA”) or Lincoln County and Deputy Branton waived the procedural protections of the MTCA. We find no error and affirm.
FACTS
¶ 2. On July 25, 2008, Newton was driving his vehicle southbound on South First Street, in Brookhaven, Mississippi, near the intersection of Booker Street. Deputy Branton, acting in his official capacity, was driving his vehicle southbound directly behind Newton. The two vehicles collided when Deputy Branton attempted to pass Newton as Newton attempted to make a turn.
¶3. On September 23, 2008, Newton’s attorney sent a letter to Tina Tracy with Zurich North America. The letter stated that the attorney represented Newton in a claim for damages as a result of an accident on July 25, 2008. Newton’s attorney asked for information from Zurich including: the name of insurer(s), name of each insured, certified copies of limits of liability coverage, a statement of any policy or coverage defenses available, and a certified copy of any and all policies. The letter indicated that any prior medical authorizations by Newton were void.
¶ 4. On August 17, 2009, Newton filed a complaint. Lincoln County and Deputy Branton filed a motion to dismiss and, in the alternative, a motion for summary judgment. The circuit court granted the motion for summary judgment, finding that Newton failed to substantially comply with the notice requirements of the MTCA, under Mississippi Code Annotated section 11-46-11 (Rev. 2011).
STANDARD OF REVIEW
¶ 5. The standard of review of an order that grants summary judgment is de novo. Stuart v. Univ. of Miss. Med. Ctr., 21 So.3d 544, 546 (¶ 5) (Miss.2009). “The trial court’s decision to grant summary judgment will be affirmed if the record before the Court shows that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law.” Id. at 547 (citations omitted).
ANALYSIS

1. Whether Newton complied, or substantially complied, with the notice requirements of the MTCA.

¶ 6. The MTCA requires that a claimant, who wants to bring a claim against a governmental entity or employee, give the governmental entity notice of the claim. Mississippi Code Annotated section 11-46-11(1) provides:
After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim may also be had in the following *272 manner: If the governmental entity is a county, then upon the chancery clerk of the county sued; if the governmental entity is a municipality, then upon the city clerk.
(Emphasis added.)
¶ 7. In Arthur v. Tunica County, 31 So.3d 653, 655 (¶ 4) (Miss.Ct.App.2010), this Court held:
In Bunton v. King, 995 So.2d 694, 695 (¶ 7) (Miss.2008) (quoting Mississippi Department of Public Safety v. Stringer, 748 So.2d 662, 665 (¶ 11) (Miss.1999)), our supreme court held that “[t]he notice-of-claim requirement ‘imposes a condition precedent to the right to maintain an action.’ ” The Bunton court further held “the ninety-day notice requirement under section 11-46-11(1) is a hard-edged, mandatory rule which [an appellate court] strictly enforces.” Id. at 696 (¶ 8) (quoting Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 820 (¶ 23) (Miss.2006)).
There, the plaintiff failed to provide notice to Tunica County. Arthur, 31 So.3d at 654 (¶ 3). The county filed a motion to dismiss, which the trial court granted. Id. This Court ruled that Arthur failed to provide evidence that he gave the county the required notice, and we affirmed the dismissal of the claim.
¶ 8. Here, there is no evidence that Newton complied with section 11^46-11(1). There is no evidence that Newton sent a notice of claim to the Lincoln County Chancery Clerk. Indeed, Newton does not argue that he met the notice requirement of section 11-46-11(1).
¶ 9. Rather, Newton claims that he substantially complied with the notice requirement when his attorney sent a letter to an insurance-company representative. On September 23, 2008, Newton’s attorney sent this letter addressed to Tina Tracy, Zurich North America:
Re: Our Client: Stephen Newton
Your Insured: Lincoln County Sheriffs Dept.
Date/Loss: 7/25/2008
Claim: 4710118593
Dear Ms. Tracy:
This firm has been retained to represent the above referenced client in a claim for damages against your insured resulting from an accident which occurred on the above date. Please furnish us with copies of any statements that you have obtained from our client concerning this accident. You are required by law to furnish said copies.
Please provide the undersigned with the following information with regard to each known policy of insurance, including excess or umbrella coverage, which may provide liability insurance coverage for this claim.
1. Name of the insurer(s);
2. Name of each insured;
3. Certified copy of limits of liability coverage:
a. personal injury,
b. property damage,
c. medical expenses,
d. personal injury protection,
e. uninsured motorist and any other coverage
4. A statement of any policy or coverage defense which your company reasonably believes is available; and
5. Certified copy of any and all policies.
The requested information must be provided within thirty (30) days from the date of this letter and must include a statement under oath by a corporate officer.
If you have a medical authorization executed by our client, be advised that it is to be considered void as of this notice of representation.Failure to comply with this request will result in further action.
*273 Please direct any further communications with our client regarding this matter to my office to the attention of my Case Manager,....
According to Newton’s response to the motion, on October 13, 2008, Zurich North American notified Newton’s counsel that the claims had been denied.
¶ 10. Newton argues that this letter was sufficient to satisfy the MTCA notice requirement. “The plaintiff must substantially comply with the provisions of the statute ... however, we can hardly afford relief under the applicable statutes when there is no effort to comply with the procedural mandates.” Little v. Miss. Dep't Human Services, 835 So.2d 9, 12-13 (¶ 15) (Miss.2002). We must consider whether this letter was “substantial compliance with the notice requirement of section 11-46-11(1).
¶ 11. Newton’s argument focuses on the purpose of the notice provision. The supreme court has ruled:
The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary where such purpose has in fact been satisfied.
Carr v. Town of Shubuta, 733 So.2d 261, 263 (¶ 9) (Miss.1999) (quotation omitted) (overruled on other grounds by Stuart, 21 So.3d at 550 (¶ 11)).
¶ 12. In Stuart, the supreme court determined that strict compliance was not always required. The supreme court held ruled that “[t]he notice requirements in the MTCA are substantive requirements, which are no more or less important than a statute of limitations. The notice requirements in the MTCA are not jurisdictional ... and, therefore, waivable.” Stuart, 21 So.3d at 550 (¶ 11). However, Stuart did not alter the duty to comply with the notice requirement. See id. We will consider waiver in the next section. For now, we consider whether Newton substantially complied with the notice requirement of the MTCA.
¶ 13. The MTCA does not state exactly what governmental entities are to do with the notice. It is reasonable to expect the governmental entity would use the notice to allow it an opportunity to investigate the claim alleged and consider the possibility of settlement prior to the lawsuit being filed.
¶ 14. In Parker v. Harrison County Board of Supervisors, 987 So.2d 435, 439 (¶ 18) (Miss.2008) (quotation omitted), the supreme court held:
Pursuant to Miss.Code Ann. § 11-46-11(2), there are seven required categories of information which must be included. The seven required categories are as follows: (1) the circumstances which brought about the injury; (2) the extent of the injury; (3) the time and place the injury occurred; (4) the names of all persons known to be involved; (5) the amount of money damages sought; (6) the residence of the person making the claim at the time of the injury; and (7) the claimant’s residence at the time of filing the notice. See Miss.Code Ann. § 11^16-11(2). The language of Mississippi] Code Annotated section] 11-46-11(2) clearly states that “every notice of claim shall contain a short and plain statement” addressing these seven categories of information or facts upon which the claim is based and this “shall be in writing.” See Miss.Code Ann. § 11-46-11(2). As such, the language contained in Mississippi] Code Ann[otated section] 11-46-11(2) is mandatory.
The supreme court analyzed two letters sent by the plaintiff to the Harrison County Board of Supervisor’s insurance provider that the plaintiff argued substantially *274 complied with the statute. Parker, 987 So.2d at 439 (¶ 16). The letters failed to contain five out of the seven categories mentioned in Mississippi Code Annotated section 11-46-11(2). Id. at 441 (¶ 21). The supreme court held: “[an appellate court] does not even reach the issue of whether a plaintiff substantially complied with the statute if all seven categories of information are not contained in the notice letter.” Id. at 440 (¶ 19) (citing S. Cent. Reg'l Med. Ctr. v. Guffy, 930 So.2d 1252, 1258 (¶ 19) (Miss.2006)).
¶ 15. Here, the September 23rd letter failed to include the information required in the seven categories. The letter failed to state: (1) any facts regarding the extent of the injury, (2) the place the injury occurred, (3) the names of all persons known to be involved, (4) the amount of money damages sought, (5) Newton’s residence at the time of the injury, and (6) Newton’s residence at the time of the filing. Newton has failed to provide any information for six of the seven required categories. “[T]he failure to provide any of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with Mississippi] Code Annotated section] 11-46-11(2).” Id. at 440 (¶ 8).
¶ 16. Accordingly, we find the circuit court did not err in finding that Newton failed to substantially comply with the notice requirements provide in the MTCA. This issue is without merit.

2. Whether the procedural protections of the MTCA were waived.

f 17. Newton also claims that the procedural protections of the MTCA were waived because the purpose of the notice provisions was satisfied. Newton argues that the September 23, 2008, letter to the insurance carrier informed the insurance carrier that he intended to sue Lincoln County and Branton.
¶ 18. In Stuart, the supreme court overruled prior cases that required strict compliance with the notice requirements of section 11-46-11(11). Stuart, 21 So.3d at 550 (¶ 11). Stuart failed to provide the University of Mississippi Medical Center (“UMMC”) the required ninety-day notice in section 11-46-11(1). Id. at 546 (¶ 1). The trial court granted summary judgment and this Court affirmed. Id. The supreme court considered the fact that UMMC engaged in written discovery, depositions and expert disclosures, and waited two and a half years before it filed a motion for summary judgment and claimed that the complaint should be dismissed for failure to comply with the notice provision of the MTCA. Id. at (¶¶ 2-3). It should be noted that the UMMC served an answer that “reserve[d] all rights and defenses accorded to it pursuant to Mississippi] Code Ann[otated section] 11-46-11” but did not specifically assert a defense for failure to provide sufficient notice or request a. stay for the remainder of the statutory period. Stuart, 21 So.3d at 547-48 (¶¶ 7-9). The supreme court ruled:
However, we now take the opportunity to overrule [City of Jackson v.] Lumpkin [697 So.2d 1179 (1999)] and Carr and their progeny, to the extent that these cases characterize the notice requirements set out in Section 11-46-11 as jurisdictional requirements. The notice requirements in the MTCA are substantive requirements, which are no more or less important than a statute of limitations. The notice requirements in the MTCA are not jurisdictional, and we now hold them to be nonjurisdictional and, therefore, waivable.
Stuart, 21 So.3d at 550 (¶ 11). The supreme court concluded that “UMMC waived its objection to Stuart’s noncompliance with Section 11 — 46-11(1).” Id. at 550 (¶12).
*275 ¶ 19. Here, we must again begin with the fact that the record does not indicate that Newton complied or substantially complied with the notice provision of section 11-46-11(1). Newton’s complaint was filed on August 17, 2009. Lincoln County and Branton answered on September 30, 2009, and raised as a defense “each and every provision of the [MTCA] Miss. Code Ann. § 11-46-1 et seq., including all conditions precedent, statutes of limitations and immunities contained therein.” On April 7, 2010, Lincoln County and Branton filed their motion to dismiss or, in the alternative, for summary judgment on the ground that Newton failed to comply with the notice provision. It appears that Lincoln County and Branton adequately pled their defense.
¶ 20. Newton did not send notice to the Lincoln County Chancery Clerk. Newton’s attorneys contacted Zurich North American and sent the September 23rd letter. On October 13, 2008, Zurich North American responded:
Based on the facts as reported in this accident, the Mississippi Tort Claims Act provides immunity for police and fire protection employees acting within the scope and course of their duties. Under Mississippi Code Annotated § ll-46-9(c), a governmental entity is exempted from liability for any incident “arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety or well-being of any person not engaged in criminal activity at the time of injury.” As such, we must respectfully deny your claim.
On August 17, 2009, the complaint was filed.
¶ 21. The record here does not contain any evidence that Lincoln County was put on notice of the claim by the insurance carrier. The supreme court has held that “[t]he actions of the carrier may be sufficient to estop the defendant from asserting lack of actual notice.” Smith County Sch. Dist. v. McNeil, 743 So.2d 376, 379 (¶ 17) (Miss.1999). However, in McNeil, the insurance carrier initiated the investigation into the alleged accident occurring at the high school. Id. at (¶ 11). The supreme court found “[i]t is unlikely that the insurance company would have contacted [the plaintiff] without someone from the school district having known about a potential claim and asking the insurance company to check into it.” Id.
¶22. Here, Newton testified that the sheriff gave Newton the insurance company’s number and he gave it to his attorneys. Newton’s attorney contacted the insurance company. The letter does not include the information required. The insurance company stated that the claim was denied and there was no ongoing investigation. There is simply no evidence to indicate that Lincoln County and Branton waived the notice requirements of Mississippi Code Annotated section 11-46-11(1). We find the circuit court did not err in finding the procedural protections of the MTCA applicable to Lincoln County and Branton. This issue has no merit.
¶ 23. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.