986 So.2d 1025 (2008)
Angelia K. MIEGER, Donald Mieger, and Angelia Mieger as Next Friend of Her Children, Arielle Mieger and Andrew Mieger, Appellants
v.
PEARL RIVER COUNTY, Mississippi, Appellee.
No. 2006-CA-01379-COA.
Court of Appeals of Mississippi.
January 8, 2008.
Rehearing Denied April 22, 2008.
Margaret Williams Holmes, Michael Clayton Barefield, Long Beach, for appellants.
James Lawrence Wilson, IV, for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS
¶ 1. On October 10, 2004, Angelia Mieger, a paramedic, responded to a call from the Pearl River County Sheriff's Department. The sheriff's department told her that they needed an ambulance nearby because of a standoff with a gunman. Mieger waited several blocks away until she was told the premises were secured. When she arrived at the scene, she attempted to help the suspect but noticed a strong smell and began to have trouble breathing. She noticed that the deputies were wearing gas masks to protect themselves from fumes released from what appeared to be tear gas cans. Mieger also alleges that she was beaten by the suspect while she was giving him medical attention.

PROCEDURAL HISTORY
¶ 2. Pursuant to the Mississippi Tort Claims Act Section (MTCA), Mississippi Code Annotated Section 11-46-11(1) (Rev. 2002), Mieger first sent a notice of claim to the president and clerk of the Pearl River County board of supervisors on November *1026 30, 2004. On September 28, 2005, Mieger, along with her husband, Donald, and as next of friend of her two minor children, filed a complaint in the Pearl River County Circuit Court against the Pearl River County Sheriff's Department and Jane/John Does 1-20. The complaint alleged that Mieger suffered severe and permanent respiratory injuries as well as post-traumatic stress disorder and depression from the events on October 10, 2004. On March 15, 2006, the sheriff's department filed a motion to dismiss for failure to name a political subdivision as a party. Mieger filed a motion for leave to amend the complaint on March 28, 2006, to correct the oversight of not naming Pearl River County as a defendant. Mieger asserted that the amended complaint, even though not timely filed, related back to the initial filing date and should be allowed. Mieger argues that appropriate representatives of the county were put on notice of the lawsuit when the notice of claim was sent and, thus, the county would not be prejudiced by the amendment. Finally, Mieger asserted that she should be allowed to substitute Pearl River County in the place of one of the fictitious parties named in the original complaint as John/Jane Does 1-20. Following a hearing on the motion, the circuit court granted the sheriff's department's motion to dismiss on July 17, 2006.
¶ 3. Mieger now appeals asserting the following issues: (1) is a sheriff's department a governmental entity or political subdivision as defined in Mississippi Code Annotated Section 11-46-1(i), and (2) in the alternative, should Mieger have been given reasonable opportunity to amend her complaint to add Pearl River County as a defendant.
¶ 4. Finding that the trial court erred as to Issue II, we reverse and remand.

STANDARD OF REVIEW
¶ 5. A motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995); Taylor v. S. Farm Bureau Cas. Co., 954 So.2d 1045, 1047(¶ 3) (Miss.Ct.App.2007). This Court conducts de novo review on questions of law. Noblitt, 650 So.2d at 1342. When considering a Rule 12(b)(6) motion to dismiss, the trial judge must accept the allegations in the complaint as true and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Id. The decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed on appeal unless that discretion is abused. State Indus., Inc. v. Hodges, 919 So.2d 943, 945(¶ 2) (Miss.2006).

DISCUSSION

I. IS A SHERIFF'S DEPARTMENT A GOVERNMENTAL ENTITY OR POLITICAL SUBDIVISION AS DEFINED IN MISSISSIPPI CODE ANNOTATED SECTION 11-46-1(i)?
¶ 6. The trial court dismissed Mieger's complaint for failure to name a proper defendant under the MTCA as defined in Brown v. Thompson, 927 So.2d 733, 737(¶ 12) (Miss.2006). The supreme court held in Brown that a sheriff's department is not a political subdivision within the meaning of the MTCA and, thus, does not enjoy a separate legal existence under which it can be sued. Id. Therefore, the proper governmental entity to name as defendant in this suit was Pearl River County, not the Pearl River County Sheriff's Department, as the trial judge correctly found. Mieger concedes that the *1027 trial court's ruling was proper under Brown but urges this Court to reconsider the law on whether a sheriff's department is a political subdivision of the state.
¶ 7. Mieger argues that a sheriff's department is an instrumentality of the state, as contemplated in Section 11-46-1(i), and thus enjoys a separate legal existence. Mieger does not offer any specific argument as to why a sheriff's department is a separate governmental entity but simply states that "a sheriff's department is an integral part, an organ, of a county governmental system" and "must, respectfully, be considered an `instrumentality thereof.'"
¶ 8. The supreme court in Brown reviewed the structural relationship between counties and sheriff's departments and concluded that a sheriff's department is not a separate instrumentality of the state. Brown, 927 So.2d at 737(¶ 12). As it is our duty to follow the precedent set by the supreme court, we find no need to discuss this issue any further.
¶ 9. We find Issue I to be without merit.

II. SHOULD MIEGER HAVE BEEN ALLOWED TO AMEND HER COMPLAINT TO ADD PEARL RIVER COUNTY AS A DEFENDANT?
¶ 10. Mieger filed a motion for leave to amend her complaint to add Pearl River County as a defendant on March 27, 2006, well outside the 120 day period after the filing of the original complaint allowed in Rule 4(h) and after the expiration of the statute of limitations. Regardless of the time bar, Mieger argues that she should have been allowed to amend her complaint under the relation back doctrine in Mississippi Rule of Civil Procedure 15(c). Pearl River County argues that relation back was unavailable under Rule 15 because the motion for leave to amend was not timely filed.
¶ 11. Mississippi Rule of Civil Procedure 15(c) states:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
The parties do not dispute whether the amended claim arose from the same "conduct, transaction, or occurrence" as the original complaint. The remaining elements of Rule 15(c) ask whether the new party to be added by the amendment is served or put on notice before the expiration period provided for in Rule 4(h). M.R.C.P. 15(c) cmt.; Brown v. Winn-Dixie Montgomery, 669 So.2d 92, 96 (Miss. 1996). Mieger argues that her motion to amend should be allowed because Pearl River County was put on notice of the claim when the president and board of supervisors were served with the notice of claim letter.
*1028 ¶ 12. Mississippi Rule of Civil Procedure 4(d)(6) states that service shall be made upon a county "by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors." Mieger served the clerk of the board of supervisors with a notice of claim letter on November 30, 2004  well before the expiration of the statute of limitations on February 7, 2006. We find that the notice of claim letter put the proper county official on notice that, except for the mistake of naming the wrong party, the action would have been brought against the county.
¶ 13. We find that the decision of the circuit court denying Mieger's motion for leave to amend her complaint was in error. The decision of the Pearl River County Circuit Court is reversed and remanded for proceedings consistent with this opinion.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANTS AND THE APPELLEE.
KING, C.J., MYERS, P.J., GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY IRVING AND CHANDLER, JJ.
CARLTON, J., CONCURRING IN PART, DISSENTING IN PART:
¶ 15. Because I disagree with the majority's resolution of Issue II, I respectfully dissent. I would affirm the decision of the Circuit Court of Pearl River County.
¶ 16. I agree that the proper government entity to name as defendant in this suit was Pearl River County, not the Pearl River County Sheriff's Department and that the trial judge made the correct decision. As the majority found, this Court is bound by the supreme court's precedent in Brown v. Thompson, 927 So.2d 733, 737(¶ 12) (Miss.2006) to reach this conclusion.
¶ 17. Mieger failed to file a motion for leave to amend her complaint to add Pearl River County as a defendant until March 27, 2006, well after the 120 day period allowed in Rule 4(h) of the Mississippi Rules of Civil Procedure had expired. Unfortunately for Mieger, the statute of limitations had also expired. Notwithstanding her untimeliness, Mieger argues that she should have been allowed to amend, as the amended complaint related back to the date of the original complaint. She also claims that Pearl River County should have known that it would be added as a party but for the mistake in identity. Pearl River County argues that relation back was unavailable under Rule 15(c) of the Mississippi Rules of Civil Procedure because the motion for leave to amend was not timely filed. I agree with Pearl River County.
¶ 18. In his opinion and order granting the motion to dismiss, Circuit Judge Prichard stated the following:
Amended Complaint Does Not Relate Back
Although not noticed for hearing, this Court has considered the Plaintiffs' Motion for Leave to Amend and Amended Motion for Leave to Amend. The Court finds that, were the Motion to Amend granted, there would be no relation back under M.R.C.P. Rule 15(c). Rule 15(c) reads,
... An amendment changing the party against whom a claim is asserted *1029 relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by the amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
Clearly, the Plaintiffs' amendment to add Pearl River County as a defendant would not relate back to the filing of the original complaint because the time period for service and summons and complaint provided by Rule 4(h), 120 days, expired almost four months before the Plaintiffs' filed their Motion to Amend.[1]See Curry v. Turner, 832 So.2d 508, 512 (Miss.2002). Accordingly, any amendment granted pursuant to Rule 15(a) would be futile and this Court, therefore, denies Plaintiffs' Motion to Amend in this Opinion and Order.
Statute of Limitations Ran Out on Plaintiffs; Claims February 7, 2006
The Plaintiffs sought recovery for events which occurred on October 10, 2004. The Plaintiffs filed a notice of claim letter on November 30, 2004, upon the President of the Board of Supervisors of Pearl River County, the Chancery Clerk of Pearl River County and the Sheriff of Pearl River.[2] Per Miss.Code Ann. § 11-46-11(3), this notice of claim letter tolled the running of the statute of limitations for 120 days during which the Plaintiff could have filed their claim unless they received a notice of denial of claim. The Plaintiffs did not receive a notice of denial of claim from any of the persons that were served the notice of claim. Therefore, the statute of limitations would have started running again on March 31, 2005, the 121st day after Chancery Clerk of Pearl River County was served. According to § 11-46-11(3) the Plaintiffs would have been given an additional 90 days to file their action except that there was more than 90 days remaining for the running of the statute of limitations.
With the events giving rise to the lawsuit occurring on October 10, 2004 and the notice of claims tolling period adding another 120 days to the one year statute of limitations, the Court finds that the Plaintiffs had until February 7, 2006, to file their lawsuit to name a political subdivision as a defendant.
If the Plaintiffs were granted leave to amend the Complaint on the day that they filed their Motion to Amend, March 28, 2006, this case would still have to be dismissed because the statute of limitations ran on February 7, 2006, and the amendment would not relate back.
Plaintiffs' Cannot Add Pearl River County under Rule 9(h), Fictitious Parties
Substituting one named party for another named party is not a proper substitution *1030 under Rule 9(c) and does not qualify for relation back. See Wilner v. White, 929 So.2d 315, 322 (Miss.2006), citing Doe v. Miss. Blood Services, 704 So.2d 1016, 1018 (Miss.1997). The purpose of Rule 9(h) is to provide a mechanism to bring in unknown, but unidentified parties. Id. The Court finds that Pearl River County was not an unknown party such as is contemplated by Rule 9(h). The Plaintiffs have not sought to substitute the name of a known, but previously unidentified party in place of a fictitious defendant. The Plaintiffs have attempted to switch the name of a known entity for the name of another known entity. Accordingly, Rule 9(h) is not applicable to the instant case and would not provide for relation back of the amended complaint. Regardless, the relation back privilege provided for fictitious parties requires the plaintiff to actually exercise a reasonable diligent inquiry to add the fictitious party. Wilner, 929 So.2d at 322. The Plaintiffs have failed to exercise the required diligence required by Rule 9(h).

(emphasis added).
¶ 19. The parties do not dispute that the amended claim arose from the same "conduct, transaction, or occurrence" as the original complaint. M.R.C.P. 15(c). The remaining elements of Rule 15(c) ask whether the new party to be added by the amendment is served before the expiration period provided for in Rule 4(h). M.R.C.P. 15(c) cmt.; Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 895(¶ 7) (Miss. 2006). Mieger argues that her motion to amend should be allowed because Pearl River County, even though not served within 120 days or before the statute of limitations ran, was put on notice when the president and board of supervisors were served with the notice of claim letter on November 30, 2004. Also, Mieger argues that the county was put on notice when service of process was made on Pearl River County Deputy Chancery Clerk Sandra Smith for Chancery Clerk David Johnson. I find this argument meritless. Regardless of Mieger's argument about notice, the requirements of the two subsections under Rule 15(c) "must be fulfilled before the statute of limitations has run or within 120 days of the filing of the original complaint." Curry v. Turner, 832 So.2d 508, 513(¶ 10) (Miss.2002) (citing Brown v. Winn-Dixie Montgomery, Inc., 669 So.2d 92, 94 (Miss.1996) (Rule 15(c) was changed to embody the holding of the Brown case)).
¶ 20. As the circuit judge held in his opinion, Rule 9(h) exists to allow a party to substitute the true identity of a defendant for that of a fictitious party, not the situation in this case. There is also the requirement of reasonable diligence on the part of the party seeking substitution. "The relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party." Wilner v. White, 929 So.2d 315, 323(¶ 7) (Miss.2006) (quoting Doe v. Miss. Blood Servs., Inc., 704 So.2d 1016, 1019(¶ 13) (Miss.1997)). "Upon review of the trial court's findings, this Court will give great deference to the lower court finding that the plaintiff did not exercise reasonable diligence." Doe, 704 So.2d at 1019(¶ 13). Affording "great deference" to the lower court's finding that Mieger did not exercise reasonable diligence in this case, I would conclude that she was "not ignorant of the identities of [the] appellee[] in the sense[] contemplated by Rule 9(h). Consequently, no relief is provided [the] appellant[] from the running of the statutory period by Rule 9(h)." Wilner, 929 So.2d at 323(¶ 7).
¶ 21. Mieger clearly failed to add Pearl River County as a defendant within 120 days of the filing of the complaint as mandated in Rule 4(h). The original complaint *1031 was filed on September 28, 2005. The defendant's motion to dismiss was filed on March 15, 2006. The motion to amend was filed on March 28, 2006, six months after the original complaint was filed. Mieger also failed to amend her complaint before the expiration of the statute of limitations. The statute of limitations ran on February 7, 2006, one year after the events of October 10, 2004, which made the 120 day period in Rule 4(h) expire in January 2006. The motion for leave to amend was filed after both the statute of limitations had run and past the 120 day tolling period in Rule 4(h). I agree with the trial court's finding that Mieger's amendment to add Pearl River County as a defendant does not relate back to the filing of the original complaint because the time period for service, summons, and complaint provided for in Rule 4(h) expired almost four months before the motion to amend was filed. Also, the statute of limitations expired well before the motion to amend was filed.
¶ 22. Because I cannot find that the trial court abused its discretion in granting the Pearl River County Sheriff's Department's motion to dismiss, I would affirm the circuit court's judgment.
IRVING AND CHANDLER, JJ., JOIN THIS OPINION.
NOTES
[1] The plaintiffs filed the original Complaint on September 26, 20065(sic) and their Motion to Amend was not filed until March 28, 2006, after the Defendants'(sic) submitted their Motion to Dismiss on March 15, 2006.
[2] Only the notices to the President of the Board of Supervisors and Chancery Clerk were proper. See M.R.C.P. Rule 4(c) and Miss.Code Ann. § 11-46-11(1).