# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01013-COA

**IRENE ESCO**                                                              **APPELLANT**

**v.**

**MADISON COUNTY, MISSISSIPPI**                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/2019 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. PEYTON RANDOLPH II |
| ATTORNEYS FOR APPELLEE: | WILLIAM ROBERT ALLEN |
| | KATELYN ADELE RILEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 11/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### McDONALD, J., FOR THE COURT:

¶1. Irene Esco appeals the Madison County Circuit Court's denial of her motion to alter or amend its prior ruling that dismissed without prejudice her personal injury case against Madison County, Mississippi. Esco claims that the denial was manifestly unjust because she had given pre-suit notice to the County and that the circuit court should have allowed her to amend her complaint to add reckless-disregard language to her negligence claims against the County, whose deputy sheriff had rear-ended her in a traffic accident. From a review of the record and relevant precedent, we affirm the circuit court in denying Esco's motion to alter or amend its prior ruling and in dismissing Esco's complaint. However, the dismissal should

be with prejudice.

**Facts**

¶2.    On July 9, 2016, at approximately 4:20 p.m., Irene Esco was driving her 2014 Chevrolet Captiva on Highway 51 near Sowell Road in Madison County, Mississippi. As she was slowing for a stop, she was hit from behind by a Madison County Sheriff's Department SUV (a 2014 Chevrolet Tahoe) driven by Johnathan Lumbley. The accident report reflects that the SUV had failed to yield the right-of-way and was following too close.

¶3.    Claiming injuries from the accident, on June 28, 2017, Esco sent a notice of claim letter by certified mail to Sheriff Randy Tucker of the Madison County Sheriff's Department and Trey Baxter, President of the Madison County Board of Supervisors. In the letter, Esco raised claims against "the Madison County Sheriff's Department, third party contractor, and/or its employees" for the negligent operation of the SUV that caused the accident and injuries to Esco. The letter claimed that the negligent actions of the driver were vicariously imputed to the sheriff's department. Additionally, Esco claimed that the department was liable for the negligent hiring, supervision, and training of the driver/deputy. Further, the letter stated that notice was being sent to the president of the Madison County Board of Supervisors "due to the fact that there may be contractual relationships with Madison County and/or the Madison County Sheriff's Office which would allow these entities to claim coverage under the provisions of the Mississippi Tort Claims Act."

¶4.    The sheriff's department received the notice of claim letter, but the signed receipt is undated. In her court complaint, Esco claimed that she served the notice to the sheriff "on

or by July 7, 2017." The delivery receipt to "the Madison Co. Board of Supervisors" was signed on July 6, 2017.

¶5.     On January 9, 2018, Esco filed her complaint against the Madison County Sheriff's Department and John Does 1-5 in the Madison County Circuit Court. In the complaint, Esco identified John Doe 1 as the driver of the SUV, but she named no individual officer and alleged that the identities of the other John Does were unknown to her. Of these defendants, Esco said that each was liable in some manner for "negligence, gross negligence, wanton and reckless misconduct." Yet Esco only pleaded that the accident was caused by the "alleged negligent or grossly negligent" actions of the SUV driver in failing to yield and following too close. Esco claimed "Negligence/Gross Negligence" as her causes of action, saying the "[d]efendants (named and John Does) breached their duty of reasonable care, skill, and diligence owed to Plaintiff, and were thus negligent and/or grossly negligent in actions and/or inactions." She also claimed that the sheriff's department was vicariously liable for the negligence of its employee/driver. Esco sought compensatory and punitive damages as well as a trial by jury.

¶6.     The record reflects that Esco only had summons issued and executed upon Sheriff Tucker at the Madison County Sheriff's Department—not on anyone else affiliated with the County, e.g., the chancery clerk, the president of the Board of Supervisors, or the clerk of the Board of Supervisors.

¶7.     On March 21, 2018, the Madison County Sheriff's Department filed an answer. In it, the department denied that it was a governmental entity for purposes of suit. It also raised

3

numerous Mississippi Tort Claims Act (MTCA) and other defenses. On March 25, 2018, the department filed a Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss on the basis that it was not a governmental entity capable of being sued. The docket does not reflect the filing of any notice of hearing on this motion.

¶8. On April 18, 2018, the department propounded interrogatories and requests for production of documents to Esco and "designated a witness." On April 27, 2018, the department noticed Esco's deposition.

¶9. On January 16, 2019, the parties submitted, and the circuit court signed, an agreed order that substituted Madison County for the sheriff's department and dismissed the department from the action. But Esco never sent a notice of claim letter to the Madison County Chancery Clerk, the statutorily required recipient for claims against the County under Mississippi Code Annotated section 11-46-11(2)(a)(i) (Rev. 2019). Nor did Esco have process issued or served on the president or clerk of the Board of Supervisors as required by Mississippi Rule of Civil Procedure 4(d).

¶10. On July 23, 2019, Madison County filed a motion to strike the request for punitive damages and a trial by jury because the MTCA specifically provides for a bench, not a jury, trial (Miss. Code Ann. § 11-46-13 (Rev. 2019)) and excludes punitive damages (Miss. Code Ann. § 11-46-15(2) (Rev. 2019)). Simultaneously, Madison County filed a motion for a judgment on the pleadings pursuant to Rule 12(c) of the Mississippi Rules of Civil Procedure, claiming (1) that Esco had failed to comply with the MTCA notice requirements because she failed to serve the chancery clerk with her notice of claim letter and (2) that the

4

complaint failed to state a claim against the County because it failed to plead reckless disregard, which the MTCA requires to establish police officer liability under Mississippi Code Annotated section 11-46-9(1)(c) (Rev. 2019). This motion was noticed for hearing, although the original date is not reflected in the record.

¶11. The hearing on the County's motions was reset for October 16, 2019. Before then, on July 31, 2019, Madison County renoticed Esco's deposition, and on August 1, 2019, Esco noticed the deposition of Deputy Johnathan Lumbley. At the later hearing, Esco argued that the County would not be prejudiced if her complaint was amended because the parties had taken depositions, exchanged written discovery, and only needed a trial date.[1]

¶12. Two days before the scheduled hearing on the County's motions, on October 14, 2019, the parties agreed that Esco would confess the motion to strike the jury demand and demand for punitive damages, and that the hearing on the motion to dismiss would be continued, giving Esco additional time to respond. However, before the agreement was communicated to the circuit court, on October 15, 2019, the court signed two orders—one striking the jury trial and punitive damages claims and another granting the County's motion for a judgment

---

[1] Esco did not argue that the County's participation in the litigation constituted a waiver of its MTCA defenses. *See Stuart v. Univ. of Miss. Med. Ctr.*, 21 So. 3d 544, 547, 549 (¶¶7, 11) (Miss. 2009) (The notice requirements in the MTCA are not jurisdictional; therefore, they are waivable. Moreover, the Mississippi Supreme Court "has held that the failure to pursue a defense in a timely manner, while actively participating in the lawsuit, constitutes waiver of that defense.") (citing *Grimes v. Warrington*, 982 So. 2d 365, 370 (¶27) (Miss. 2008); *E. Miss. State Hosp. v. Adams*, 947 So. 2d 887, 891 (¶11) (Miss. 2007)). Esco's failure to raise the issue to the circuit court bars us from considering it on appeal. "One of the most fundamental and long established rules of law in Mississippi is that an appellate court will not review matters on appeal that were not raised at the trial court level." *Hoffman v. Hoffman*, 270 So. 3d 1121, 1128 (¶32) (Miss. Ct. App. 2018) (quoting *Est. of Myers v. Myers*, 498 So. 2d 376, 378 (Miss. 1986)).

on the pleadings and dismissing Esco's case. The orders were entered by the clerk on October 16, 2019.

¶13. On October 28, 2019, Esco filed a motion to alter or amend the judgment under Mississippi Rule of Civil Procedure 59 or, alternatively, amend the complaint. She included a request for an extension of time to respond to the County's motion for a judgment on the pleadings. In her motion, she explained the pre-hearing agreement of the parties, and that her failure to file an initial response to the County's motions was due to her counsel's undergoing cancer treatments. Esco also argued that she had provided pre-suit notice to the County. Alternatively, Esco asked that the circuit court allow her to amend her complaint to name the correct party and change the cause of action from negligence/gross negligence to reckless disregard.

¶14. The County opposed this motion, and the circuit court heard argument on June 17, 2020. Esco's counsel reviewed the October 14, 2019 agreement of the parties and how the orders had been entered before their agreement to continue the motions hearing was communicated to the court. Esco's attorney also told the court that he had been undergoing cancer treatments to explain his failure to timely respond to the County's motions. After further argument on the law, the circuit court took the matter under advisement. On August 11, 2020, the circuit court issued an order denying Esco's Rule 59 motion and her request to amend her complaint. From this order, Esco appeals.

¶15. Esco argues that the circuit court abused its discretion in denying her motion to alter or amend the judgment or, alternatively, to allow Esco to amend her complaint because (1)

6

Esco showed a need to prevent manifest injustice and (2) an amended complaint would have cured any improper pleading of her cause of action.

**Standard of Review**

¶16.    This Court will not reverse a trial court's ruling granting or denying a Rule 59 motion "absent an abuse of discretion or if allowing the judgment to stand would result in a miscarriage of justice." *Freeman v. CLC of Biloxi LLC*, 119 So. 3d 1164, 1167 (¶10) (Miss. Ct. App. 2013).  But a trial court may grant a Rule 59 motion to prevent a manifest injustice. *Singleton v. Buford*, 282 So. 3d 493, 498 (¶16) (Miss. Ct. App. 2019).  Appellate courts review the application of the MTCA requirements de novo. *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (¶8) (Miss. 2008).

**Discussion**

**I.    Whether the circuit court erred in dismissing Esco's complaint without prejudice and denying her Rule 59 motion.**

¶17.    In this case, the County sought dismissal of Esco's case on two grounds: (1) Esco's failure to comply with the MTCA notice requirements because she failed to serve the chancery clerk with her notice of claim letter; and (2) Esco's complaint failed to state a claim against the County because she did not plead reckless disregard, which the MTCA requires to establish police officer liability under section 11-46-9(1)(c).  Although the circuit court made no specific findings in its order granting the County's motion, we assume it agreed with the County's argument. *See Smith v. Todd*, 464 So. 2d 1155, 1157 (Miss. 1985) ("[W]here the chancellor made no specific finding, we are required to assume that the chancellor resolved all such fact issues in favor of [the] appellee.").  Thereafter, Esco filed a Rule 59

7

motion to alter or amend the court's dismissal of her case and incorporated a motion to amend her complaint to add language of "reckless disregard" to her negligence claims.

¶18. "To succeed on a Rule 59(e) motion, the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Walker v. Cellular S. Inc.*, 309 So. 3d 16, 30 (¶55) (Miss. Ct. App. 2020). Esco claims that the circuit court's denial of her Rule 59 motion created a clear manifest injustice because she had given the County notice of her claim prior to suit and because her proposed amended complaint correctly pleaded reckless disregard by law enforcement.

¶19. Section 11-46-11(2)(a)(i) of the MTCA requires that pre-suit notice to a county be sent to the chancery clerk of the county sued:

> Service of notice of claim shall be made as follows:
>
> > (i) For local governments:
> >
> > > 1. If the governmental entity is a county, then upon the chancery clerk of the county sued . . . .

This requirement was in effect when Esco's claim arose.[2]

¶20. Esco admits that she did not send her notice of claim letter to the chancery clerk, but she argues that the County was on notice nonetheless because she sent it to the president of the Board of Supervisors. She claims this was sufficient notice to meet the MTCA

---

[2] Prior to the 2012 amendment, the section read: "Service of notice of claim may also be had in the following manner: If the governmental entity is a county, then upon the chancery clerk of the county sued." However, in 2012, prior to Esco's claims, the notice requirement to serve the chancery clerk became mandatory with the change of wording from "may" to "shall."

8

requirements because Rule 4(d) of the Mississippi Rules of Civil Procedure requires that service of process of a court complaint be made upon either the president or the clerk of the Board of Supervisors.

¶21.     Esco cites *Mieger v. Pearl River County*, 986 So. 2d 1025 (Miss. Ct. App. 2008), as support for the sufficiency of her notice.  In that case, Mieger sued the Pearl River County Sheriff's Department in September 2005 for injuries she sustained in October 2004. *Id*. at 1026 (¶2).  Later, after the statute of limitations had expired, she sought to amend her complaint to substitute Pearl River County. *Id*. at 1027 (¶10).  At issue was whether such an amendment could relate back to the date of the original filing of the complaint under Mississippi Rule of Civil Procedure 15. *Id.*  Relation back under Rule 15 required that the party being brought in have notice of the action. *Id*. at 1027 (¶11).  We held that because Mieger had served the president and clerk of the board of supervisors with a notice of claim letter on November 30, 2004, the proper county official was put on notice that, except for the mistake of naming the wrong party, the action would have been brought against the county. *Id*. at 1028 (¶12).  Accordingly, we reversed the circuit court's denial of Mieger's motion to amend. *Id*. at (¶13).  But in *Mieger* we were not deciding the sufficiency of Mieger's notice under the MTCA; our analysis was limited to the requirements of Rule 15 for relating complaints back to the date of filing.

¶22.     The Mississippi Supreme Court has held that strict compliance with the MTCA is required regarding to whom pre-suit notice must be given. *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 92 (¶17) (Miss. 2010).  The statute clearly says that notice to the county "shall"

be made on the chancery clerk. *Id.* The supreme court reasoned that the Legislature's statutory use of the term "shall" when identifying to whom notice is given connotes a mandatory requirement. *Id.* In another MTCA case, decided after *Mieger*, we too noted the need to give notice to the chancery clerk when suit is intended against a county. In *Newton v. Lincoln County*, 86 So. 3d 270, 272 (¶8) (Miss. Ct. App. 2012), where Newton was injured in an accident with a Lincoln County Sheriff's Department deputy, we said, "[h]ere, there is no evidence that Newton complied with section 11-46-11(1). *There is no evidence that Newton sent a notice of claim to the Lincoln County Chancery Clerk.*" (Emphasis added). Newton only sent a pre-suit letter to the County's insurance carrier who in turn informed the county, *id*. at 271 (¶3), which was insufficient to show compliance. *Id*. at 274 (¶15). *See also Dobbs v. City of Columbus*, 285 So. 3d 1219, 1224 (¶17) (Miss. Ct. App. 2019) (With respect to a suit against a county, notice should be made to the chancery clerk.).

¶23.    Recently, in *Burnett v. Hinds County ex. rel. Board of Supervisors*, 313 So. 3d 471 (Miss. 2020), our supreme court reiterated this mandatory requirement and held that failure to serve the Hinds County Chancery Clerk with the pre-suit MTCA notice of claim required dismissal of a lawsuit. *Id*. at 476-77 (¶14). In that case, Burnett sent a notice of claim letter to the Hinds County Board of Supervisors, with attention to its president, Robert Graham. *Id*. at 473 (¶3). The supreme court held that this was insufficient notice to the county, saying:

> The MTCA provides that "Service of notice of claim shall be made as follows: (i) For local governments: 1. If the governmental entity is a county, then upon the chancery clerk of the county sued . . . ." Miss. Code Ann. § 11-46-11(2)(a)(i) (Rev. 2019). While Burnett sent notices of claims to various officials in Hinds County, those officials all fall under the umbrella of Hinds County, and Burnett did not serve the Hinds County Chancery Clerk

10

> with a notice of claims. The "shall" in the statute renders the particular recipient mandatory. *Howe,* 49 So. 3d at 91-92. If a complainant is and remains noncompliant with that mandatory provision, the lawsuit must be dismissed. *Id*. at 92. Because Burnett did not file a notice of claim upon the Hinds County Chancery Clerk, all MTCA claims against Hinds County/the Hinds County Defendants in their official capacities must be dismissed.

*Id*. at 476-77 (¶14). We must defer to this definitive directive of our supreme court and hold that Esco did not give proper pre-suit notice of her claim to Madison County, and, therefore, the circuit court did not err in dismissing her case and denying her Rule 59 motion.

¶24.     Although we affirm the circuit court's dismissal of Esco's case, it must be a dismissal with prejudice pursuant to *Burnett*. In that case, the criminal charges against Burnett were dropped after DNA testing on April 23, 2013. *Id*. at 473 (¶2). Under the MTCA, Burnett had one year, or until April 23, 2014, to file a civil suit against the county under the MTCA, although this deadline could be extended depending on when he sent the proper notice of his claim. On September 23, 2013, he sent notices of his claim to various entities and individuals, as well as to the president of the board of supervisors as noted above, but not to the chancery clerk. *Id*. at (¶3). He then filed suit in federal court on August 19, 2014, raising both federal and state law claims. *Id*. at 473-74 (¶4). On September 15, 2015, the federal court dismissed his federal claims with prejudice and his state law claims without prejudice. *Id*. Thereafter, Burnett filed suit in state court on October 14, 2015. *Id*. The circuit court dismissed Burnett's claims against the county with prejudice for failure to provide the proper notice, *id*. at 474 (¶5), which, as noted above, the supreme court affirmed. *Id*. at 476-77 (¶14). The supreme court added that "because no proper notice was filed, the tolling provisions do not apply, and Burnett's claims are barred by the one-year statute of

11

limitations." *Id.* at 477 (¶14). In other words, because Burnett had not provided the proper pre-suit notice before filing his federal lawsuit, he was not entitled to an extension of his one year statute of limitations that the statutory tolling provides. *See Tallahatchie Gen. Hosp. v. Howe*, 154 So. 3d 29, 32 (¶12) (Miss. 2015). Similarly, in this case, Esco's cause of action accrued on July 9, 2016. She failed to provide the County with proper pre-suit notice and, therefore, her statute of limitations, which expired on July 9, 2017, was not tolled or extended, making her complaint, filed on January 9, 2018, untimely. The supreme court has noted that unfortunately, harsh results often ensue when a plaintiff fails to follow the proper procedures in MTCA cases. *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 817 (¶10) (Miss. 2006). This case is one of those instances and Esco's complaint must be dismissed with prejudice. We therefore remand and instruct the circuit court to enter its dismissal with prejudice.

## II. Whether the circuit court erred in denying Esco's motion to amend her complaint.

¶25. Esco claims that the circuit court erred in denying her motion to amend her complaint. However, her proposed amended complaint merely added language to her causes of action and did not cure the primary problem—Esco's failure to give proper pre-suit notice to the County. Accordingly, the circuit court did not err in denying her motion to amend.

¶26. The appellate court reviews a denial of a motion to amend for an abuse of discretion. *Merideth v. Merideth*, 987 So. 2d 477, 480 (¶9) (Miss. Ct. App. 2008). Under Rule 15 of the Mississippi Rules of Civil Procedure, "amendments should be freely allowed unless the proposed amendment would still render the claim futile." *Id*. at 482 (¶14). Therefore, an

12

amendment should be granted if the proposed amendment would not be futile.

¶27.    In the context of an MTCA case, pre-suit notice either does or does not occur prior to the filing of a complaint. There is little that can be pleaded in an amended complaint that can cure the failure to give proper pre-suit notice of an MTCA claim. It follows then that a court may deny a motion to file an amended complaint that pleads nothing that would cure the fundamental failure to give pre-suit notice to an MTCA entity. Such is the case with Esco's proposed amended complaint, and the circuit court did not err in denying her motion to amend.

## Conclusion

¶28.    Because Esco failed to provide the statutorily required pre-suit notice to the chancery clerk of Madison County and because Esco's proposed amended complaint could not cure this fundamental failure, the circuit court did not err in refusing to grant Esco's motion to amend her complaint, in dismissing her complaint, and in denying Esco's Rule 59 motion. However, on remand, Esco's complaint must be dismissed with prejudice pursuant to *Burnett*.

¶29.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

13