# IN THE SUPREME COURT OF MISSISSIPPI

# NO. 2021-IA-01283-SCT

*FRANKLIN COUNTY MEMORIAL HOSPITAL*

*v.*

*SABRINA FAIRMAN*

DATE OF JUDGMENT:                11/01/2021
TRIAL JUDGE:                     HON. DEBRA W. BLACKWELL
TRIAL COURT ATTORNEYS:           S. MARK WANN
                                 KELLY HOLLINGSWORTH STRINGER
                                 LANE B. REED
                                 KRISTIAN ALICIA McCRAY
COURT FROM WHICH APPEALED:       FRANKLIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         KELLY HOLLINGSWORTH STRINGER
                                 S. MARK WANN
                                 LANE B. REED
ATTORNEY FOR APPELLEE:           KRISTIAN ALICIA McCRAY
NATURE OF THE CASE:              CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                     AFFIRMED AND REMANDED - 04/20/2023
MOTION FOR REHEARING FILED:

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.    At issue in this interlocutory appeal is whether the statute of limitations has run on Sabrina Fairman's malpractice claims against Franklin County Memorial Hospital. Fairman alleged she was injured as a result of negligent treatment in the Hospital's emergency room. She served a timely notice of claim on the Hospital's CEO that correctly identified the Hospital as the responsible party. But when she filed suit, Fairman named as defendants "The Foundation for a Healthy Franklin County d/b/a Franklin County Memorial Hospital"

as well as several John Does. According to the Hospital, it "is not, and never has been, the d/b/a of the Foundation."

¶2. Fairman filed an amended complaint naming the Hospital correctly and then voluntarily dismissed the Foundation as a party by agreed order. She then served the amended complaint on the Hospital's CEO within 120 days of the timely filing of the original complaint. The Hospital moved to dismiss on statute of limitations grounds, but the circuit court denied the motion. This Court granted the Hospital's request for an interlocutory appeal of that decision.

¶3. This case has been presented as hinging on the doctrine of misnomer—whether Fairman's original complaint named the Hospital as the defendant under the wrong name. The Hospital contends that, otherwise, Mississippi Rule of Civil Procedure 21 required Fairman to secure leave of the court before amending her complaint.

¶4. Ultimately, we conclude that this is not a case of misnomer, but the trial court was nonetheless correct to refuse to dismiss the case. Rule 21 should not be read to require a court order when an amended complaint could otherwise be filed as a matter of course and the amendment merely corrects a misidentification of the defendant by substituting a new defendant for an old one.

¶5. Under Rule 15, Fairman's amended complaint related back to the time of the filing of the first complaint for statute of limitations purposes, and the original complaint was timely. We therefore affirm the trial court's order denying the Hospital's motion to dismiss, and we remand the case for further proceedings.

**STANDARD OF REVIEW**

¶6. "The application of a statute of limitations raises a question of law, which is reviewed de novo." *Wolfe v. Delta Discount Drugs, Inc.*, 291 So. 3d 339, 341 (Miss. 2020).

**DISCUSSION**

¶7. The Hospital presents three "questions," but it divides its argument into just two issues. We agree that the first two questions present one issue, so we will address them together; but the third question should be addressed first.

> 1. **Whether a Rule 54 judgment entered as to the named defendant signed by the Court prior to the filing of an Amended Complaint precludes relation back for purposes of the statute of limitations.**

¶8. Fairman filed her amended complaint the same day the trial court entered the agreed order dismissing the Foundation as a defendant. According to the docket, the amended complaint was filed first. In this issue, the Hospital contends that the suit became a nullity when the agreed order was *signed* by the trial judge, which was a few days before the amended complaint was filed. The Hospital further contends that even though the original complaint named numerous John Does as defendants, it did so frivolously and stated no claims against any other identified party. Therefore, the Hospital argues, there was no existing cause in which Fairman could file her amended complaint.

¶9. We find this argument without merit. The amended complaint is docketed first, and the order dismissing the Foundation recites that the amended complaint had already been filed. The date that the trial judge signed the agreed order does not matter; it is the entry of the order that makes it effective, especially if it is to be viewed as a final judgment in the

3

case. Mississippi Rule of Civil Procedure 58 states in relevant part that "[a] judgment shall be effective only when entered [by the clerk] as provided in M.R.C.P. 79(a)." The agreed order was not entered until after the amended complaint was filed, and thus it could not have constituted a final judgment. As we shall explain, the amended complaint was properly filed without leave of the court; thus, this issue is without merit.

> 2. **Whether Rule 21 of the Mississippi Rules of Civil Procedure requires an order of the Court as a prerequisite to the filing of an Amended Complaint when the Amended Complaint adds a new legal entity as a party defendant.**

> 3. **Whether the trial court erred when it held Franklin County Memorial Hospital was not a new defendant added by the Amended Complaint.**

¶10. In the remaining issues, the Hospital contends that the amended complaint added a new party and that Mississippi Rule of Civil Procedure 21 required leave of the trial court before the amended complaint could be filed. The Hospital reasons that since the only named defendant—the Foundation—was dismissed and since the amended complaint was filed without leave, the whole case should have been dismissed.

¶11. The trial court denied the Hospital's motion to dismiss, reasoning that the amended complaint was filed to correct a misnomer, which this court has described as "allow[ing] parties to correct party-name errors if doing so would not result in prejudice." *Scaggs v. GPCH-GP, Inc.*, 23 So. 3d 1080, 1083 (Miss. 2010). Were it a misnomer, the amended complaint would have just changed the name of a party, no new party would have been added, and no Rule 21 order would have been required.

¶12. On appeal, the Hospital argues that the trial court was wrong because a misnomer occurs when a plaintiff sues the "right party by the wrong name." *Id.* at 1085 (quoting *Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000)). "A 'misidentification,' on the other hand, occurs when two separate legal entities exist, and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." 67A C.J.S. *Parties* § 176, Westlaw (database updated Mar. 2023). "Because a misidentification directs the documents regarding the action [to] the wrong entity, the correct defendant is generally not put on notice of the action, and consequences of misidentification are harsh." *Id.*

¶13. The Hospital is correct that today's case falls into the misidentification category. The Foundation is a separate legal entity from the Hospital, even though the two have been represented by the same law firm, share a business relationship, have similar names and geographic locations, and so forth. The original complaint—though alleging misconduct of the Hospital, unambiguously names the Foundation, not the Hospital, as the defendant.

¶14. But the Hospital is wrong about the misnomer issue being dispositive. Rule 21 states in relevant part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." According to the Hospital, an order of the trial court was required before Fairman could amend her complaint to add it as a defendant. The Hospital relies on *Veal v. J.P. Morgan Trust Co.*, 955 So. 2d 843 (Miss. 2007), in which this Court held that a new party could not be added by consent of the existing defendants under Mississippi Rule of Civil Procedure 15(a). This Court noted that the existing defendants should not be allowed to consent to the

5

amendment on behalf of the new defendant. *Id.* at 844-45. It also rejected the plaintiff's argument that the amended complaint was simply substituting the new defendant for a fictitious party named in the original complaint. *Id.* at 845-47. Notably, *Veal* also quoted a decision from the Seventh Circuit Court of Appeals which held that "[a]lthough Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a response pleading is served . . . the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants." *Veal*, 955 So. 2d at 847 (alterations in original) (quoting *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993)).

¶15. We do not find that passage from *Veal* applicable to today's case. The amended complaint in *Veal* was purportedly filed with permission of the defendants, not as a matter of course before a responsive pleading as in today's case. *Veal*, 955 So. 2d at 844-45. As the trial court in *Veal* observed, the old defendants were not the "adverse party" to the amended complaint adding new defendants. *See Id.* at 845. Rule 15(a)—not Rule 21—required leave of the Court to file an amended complaint, and the trial judge never entered an order approving of the addition of the new party. *Veal*, 955 So. 2d at 844-45.

¶16. At any rate, Rule 21 does not require leave of the Court to file an amended complaint; it requires an "order of the Court" to "drop[] or add[]" a party. The Rule 21 order may be done "on motion of any party or of [the court's] own initiative at any stage of the action and on such terms as are just." We see no reason why the amended complaint could not be filed first (if otherwise allowed by the Rules) and the Court order approving the addition of a new

6

party later. This is the position taken by Wright & Miller with regard to the parallel federal rules—"if plaintiff files an amended complaint without first obtaining leave to add an additional party, the defect may be corrected and does not justify dismissal of the action." 7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1688 (3d ed.), Westlaw (database updated Apr. 2023).

¶17.    The agreed order of dismissal in today's case recited that "an amended complaint has been filed to correct [an] error in naming [the defendant]." The trial judge further denied the Hospital's motion to dismiss, approving of Fairman's amended complaint. These orders satisfy any requirement of court approval Rule 21 might impose.

¶18.    Moreover, as noted above, the original complaint misidentified the intended defendant by identifying the Hospital as a d/b/a/ of the Foundation. The amended complaint simply corrected this misidentification, placing the Hospital into the exact position of the Foundation in the original complaint and removing the Foundation as a defendant entirely. "Several [federal] courts have held that [federal] Rule 21 contemplates the retention of one or more parties in the action and is not a method for substituting the sole plaintiff or defendant in the case with another party." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1686 (3d ed.), Westlaw (database updated Apr. 2023). Indeed, *Veal* said as much when it acknowledged that leave of the court would not have been required had the new defendant been substituted for an existing fictitious defendant under Rule 9(h). *Veal*, 955 So. 2d at 845. Thus, since the amended complaint was otherwise permitted by the rules, Rule 21 did not require an order of the court to *substitute* the Hospital for the Foundation.

7

¶19.    The only remaining question is whether the statute of limitations has run. Both parties agree that the original complaint was filed within the statute of limitations, which expired before the amended complaint was filed. Thus, the question is whether the amended complaint relates back to the time of the filing of the original complaint.

¶20.    It is apparent to us that it did. Mississippi Rule of Civil Procedure 15(c) provides, in relevant part:

> **(c) Relation Back of Amendments.**
>
> (1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
>
> (2) An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
>
> > (a)    has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
> >
> > (b)    knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fairman's claims in the amended complaint arose from the same transaction or occurrence—she simply changed the name of the defendant. And there can be no question that the Hospital received timely notice of the claim and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" the Hospital. M.R.C.P. 15(c)(1)(b). The Hospital's CEO received written

notice of the claim prior to the initiation of the action that identified the Hospital as the responsible party, which was sufficient notice for the amended complaint to relate back. *See Scaggs v. GPCH-GP, Inc.*, 23 So. 3d 1080, 1083 (Miss. 2010) (citing *Mieger v. Pearl River Cnty.*, 986 So. 2d 1025 (Miss. Ct. App. 2008)). Moreover, the Hospital's CEO was served with the amended complaint within the 120 days allowed for service of the original complaint by Rule 4(h). *See* M.R.C.P. 15(c)(2). No prejudice has been alleged. Thus, we find that Fairman's amended complaint relates back to the time of filing the original complaint and that the statute of limitations has not run.

## CONCLUSION

¶21. Rule 21 does not require leave of the court to file an amended complaint if the amendment merely substitutes the correct defendant for a misidentified one. The amended complaint here was otherwise permitted by the rules. And it was served within the 120 days allowed for service of the original complaint, so it related back and the statute of limitations has not run. The trial court's order denying the Hospital's motion to dismiss is affirmed, and the case is remanded for further proceedings.

¶22. **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**